UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-cv-21387-JEM

MELISA LOPEZ,

    Plaintiff,

vs.

THE CITY OF MIAMI, a municipality, and
JAVIER ORTIZ, in his individual capacity,

    Defendants.
_____/

## **DEFENDANT, JAVIER ORTIZ'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, JAVIER ORTIZ, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, hereby files this Answer and Affirmative Defenses to Plaintiff's Amended Complaint, and states:

## **NATURE OF THE ACTION**

1. Defendant denies the allegations in Paragraph one (1) of the Amended Complaint and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

## **JURISDICTION AND VENUE**

2. Defendant admits only that this action is brought pursuant to 42 U.S.C. § 1983. Defendant denies the remainder of the allegations in Paragraph two (2) of the Amended Complaint and demands strict proof thereof.

3. Defendant admits only that venue is proper. Defendant denies the remainder of allegations in Paragraph three (3) of the Amended Complaint and demands strict proof thereof.

## PARTIES

4. Based upon reasonable investigation, the allegations contained in Paragraph four (4) of the Amended Complaint are unknown to this Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

5. Defendant admits only that the City of Miami is a political subdivision of the State of Florida. Defendant denies the remainder of the allegations in Paragraph five (5) of the Amended Complaint and demands strict proof thereof.

6. Defendant admits only that he was a law enforcement officer for the City of Miami Police Department acting under color of law at relevant times. Defendant denies the remainder of the allegations in Paragraph six (6) of the Amended Complaint and demands strict proof thereof.

## GENERAL ALLEGATIONS

7. Defendant denies the allegations in Paragraph seven (7) of the Amended Complaint and demands strict proof thereof.

8. Defendant denies the allegations in Paragraph eight (8) of the Amended Complaint and demands strict proof thereof.

9. Defendant denies the allegations in Paragraph nine (9) of the Amended Complaint and demands strict proof thereof.

10. Defendant denies the allegations in Paragraph ten (10) of the Amended Complaint and demands strict proof thereof.

11. Defendant denies the allegations in Paragraph eleven (11) of the Amended Complaint and demands strict proof thereof.

12. Defendant denies the allegations in Paragraph twelve (12) of the Amended Complaint and demands strict proof thereof.

13. Defendant denies the allegations in Paragraph thirteen (13) of the Amended Complaint and demands strict proof thereof.

14. Defendant denies the allegations in Paragraph fourteen (14) of the Amended Complaint and demands strict proof thereof.

15. Defendant denies the allegations in Paragraph fifteen (15) of the Amended Complaint and demands strict proof thereof.

16. Defendant denies the allegations in Paragraph sixteen (16) of the Amended Complaint and demands strict proof thereof.

17. Defendant denies the allegations in Paragraph seventeen (17) of the Amended Complaint and demands strict proof thereof.

18. Defendant denies the allegations in Paragraph eighteen (18) of the Amended Complaint and demands strict proof thereof.

19. Defendant denies the allegations in Paragraph nineteen (19) of the Amended Complaint and demands strict proof thereof.

20. Defendant denies the allegations in Paragraph twenty (20) of the Amended Complaint and demands strict proof thereof.

21. Defendant denies the allegations in Paragraph twenty-one (21) of the Amended Complaint and demands strict proof thereof.

22. Defendant denies the allegations in Paragraph twenty-two (22) of the Amended Complaint and demands strict proof thereof.

23. Defendant denies the allegations in Paragraph twenty-three (23) of the Amended Complaint and demands strict proof thereof.

24. Defendant denies the allegations in Paragraph twenty-four (24) of the Amended Complaint and demands strict proof thereof.

25. Defendant denies the allegations in Paragraph twenty-five (25) of the Amended Complaint and demands strict proof thereof.

26. Defendant denies the allegations in Paragraph twenty-six (26) of the Amended Complaint and demands strict proof thereof.

27. Defendant denies the allegations in Paragraph twenty-seven (27) of the Amended Complaint and demands strict proof thereof.

28. Defendant denies the allegations in Paragraph twenty-eight (28) of the Amended Complaint and demands strict proof thereof.

29. Defendant denies the allegations in Paragraph twenty-nine (29) of the Amended Complaint and demands strict proof thereof.

30. Defendant denies the allegations in Paragraph thirty (30) of the Amended Complaint and demands strict proof thereof.

31. Defendant denies the allegations in Paragraph thirty-one (31) of the Amended Complaint and demands strict proof thereof.

32. Defendant denies the allegations in Paragraph thirty-two (32) of the Amended Complaint and demands strict proof thereof.

33. Defendant denies the allegations in Paragraph thirty-three (33) of the Amended Complaint and demands strict proof thereof.

34. Defendant denies the allegations in Paragraph thirty-four (34) of the Amended Complaint and demands strict proof thereof.

35. Defendant denies the allegations in Paragraph thirty-five (35) of the Amended Complaint and demands strict proof thereof.

36. Defendant denies the allegations in Paragraph thirty-six (36) of the Amended Complaint and demands strict proof thereof.

37. Defendant denies the allegations in Paragraph thirty-seven (37) of the Amended Complaint and demands strict proof thereof.

38. Defendant denies the allegations in Paragraph thirty-eight (38) of the Amended Complaint and demands strict proof thereof.

39. Defendant denies the allegations in Paragraph thirty-nine (39) of the Amended Complaint and demands strict proof thereof.

40. Defendant denies the allegations in Paragraph forty (40) of the Amended Complaint and demands strict proof thereof.

41. Defendant denies the allegations in Paragraph forty-one (41) of the Amended Complaint and demands strict proof thereof.

42. Defendant denies the allegations in Paragraph forty-two (42) of the Amended Complaint and demands strict proof thereof.

43. Defendant denies the allegations in Paragraph forty-three (43) of the Amended Complaint and demands strict proof thereof.

44. Defendant denies the allegations in Paragraph forty-four (44) of the Amended Complaint and demands strict proof thereof.

45. Defendant denies the allegations in Paragraph forty-five (45) of the Amended Complaint and demands strict proof thereof.

46. Defendant denies the allegations in Paragraph forty-six (46) of the Amended Complaint and demands strict proof thereof.

47. Defendant denies the allegations in Paragraph forty-seven (47) of the Amended Complaint and demands strict proof thereof.

48. Defendant denies the allegations in Paragraph forty-eight (48) of the Amended Complaint and demands strict proof thereof.

49. Defendant denies the allegations in Paragraph forty-nine (49) of the Amended Complaint and demands strict proof thereof.

50. Defendant denies the allegations in Paragraph fifty (50) of the Amended Complain, including subparts (a) through (c), and demands strict proof thereof.

51. Defendant denies the allegations in Paragraph fifty-one (51) of the Amended Complaint, including subparts (a) through (c), and demands strict proof thereof.

52. Defendant denies the allegations in Paragraph fifty-two (52) of the Amended Complaint and demands strict proof thereof.

53. Based upon reasonable investigation, the allegations contained in Paragraph fifty-three (53) of the Amended Complaint are unknown to this Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

### FEDERAL CLAIMS

### COUNT I
### FOURTH AMENDMENT – 42 U.S.C. § 1983
### EXCESSIVE USE OF FORCE
### DEFENDANT, JAVIER ORTIZ

54. Defendant re-alleges and re-affirms each and every response to Paragraphs one (1) through four (4), six (6) through thirty-three (33), and thirty-seven (37) through fifty-three (53) (including all subparts) of the Amended Complaint. Defendant denies each and every allegation

to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

55. Defendant denies the allegations in Paragraph fifty-five (55) of the Amended Complaint and demands strict proof thereof.

56. Defendant denies the allegations in Paragraph fifty-six (56) of the Amended Complaint and demands strict proof thereof.

57. Defendant denies the allegations in Paragraph fifty-seven (57) of the Amended Complaint and demands strict proof thereof.

58. Defendant denies the allegations in Paragraph fifty-eight (58) of the Amended Complaint and demands strict proof thereof.

59. Defendant denies the allegations in Paragraph fifty-nine (59) of the Amended Complaint and demands strict proof thereof.

60. Defendant denies the allegations in Paragraph sixty (60) of the Amended Complaint and demands strict proof thereof.

## COUNT II
## 42 U.S.C. § 1983 *MONELL* CLAIM-EXCESSIVE FORCE
## DEFENDANT, CITY OF MIAMI

61-68. The allegations contained in Count II of the Amended Complaint under the caption "Count II 42 U.S.C. § 1983 *Monell* Claim-Excessive Force Defendant, City of Miami" are not directed toward this Defendant. Therefore, no response is required. However, to the extent the allegations of Count II may be construed against Defendant Ortiz, Defendant denies the allegations in Paragraphs sixty-one (61) through sixty-eight (68) of the Amended Complaint and demands strict proof thereof.

## STATE CLAIMS

## COUNT III

## STATE TORT OF BATTERY
## DEFENDANT, JAVIER ORTIZ

69. Defendant re-alleges and re-affirms each and every response to Paragraphs one (1) through four (4), six (6) through thirty-three (33), and thirty-seven (37) through fifty-three (53) (including all subparts) of the Amended Complaint. Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

70. Defendant denies the allegations in Paragraph seventy (70) of the Amended Complaint and demands strict proof thereof.

71. Defendant denies the allegations in Paragraph seventy-one (71) of the Amended Complaint and demands strict proof thereof.

72. Defendant denies the allegations in Paragraph seventy-two (72) of the Amended Complaint and demands strict proof thereof.

73. Defendant denies the allegations in Paragraph seventy-three (73) of the Amended Complaint and demands strict proof thereof.

## COUNT V
## STATE TORT CLAIM
## DEFENDANT, CITY OF MIAMI

74-79. The allegations contained in Count V of the Amended Complaint under the caption "Count V State Tort Claim Defendant, City of Miami" are not directed toward this Defendant. Therefore, no response is required. However, to the extent the allegations of Count V may be construed against Defendant Ortiz, Defendant denies the allegations in Paragraphs seventy-four (74) through seventy-nine (79) of the Amended Complaint and demands strict proof thereof.

## GENERAL DENIAL

Defendant denies each and every allegation of the Amended Complaint to the extent not previously admitted and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

As a first affirmative defense, the Defendant asserts that he is entitled to a setoff of all payments paid or payable by all collateral sources for all expenses, bills, or other obligations incurred as a result of the incident alleged in the Amended Complaint, in accordance with Florida Statutes.

### *Second Affirmative Defense*

As a second affirmative defense, the Defendant asserts that any damages claimed herein were caused either in whole or in part by the Plaintiff's own negligence, wrongdoing, or criminal conduct. Accordingly, any damages must be mitigated thereby.

### *Third Affirmative Defense*

As a third affirmative defense, the Defendant asserts that he did not act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard for human rights, safety, or property with regard to the incident at issue.

### *Fourth Affirmative Defense*

As a fourth affirmative defense, the Defendant asserts that any force utilized during the incident alleged in the Amended Complaint was reasonable, necessary, and applied in good faith to protect himself, the Plaintiff, and/or others from imminent bodily harm. Furthermore, any force or action taken was appropriately implemented to maintain and/or restore discipline.

### *Fifth Affirmative Defense*

As a fifth affirmative defense, Defendant asserts that Plaintiff's own conduct was the sole

and proximate legal cause of any and all damages allegedly incurred by Plaintiff. Defendant did not commit any act which was the legal, direct, or proximate cause of the damages related to Plaintiff.

### *Sixth Affirmative Defense*

As a sixth affirmative defense, the Defendant asserts that qualified immunity applies. The Defendant states that his actions were reasonable, proper, legal, and taken pursuant to state law and the United States Constitution. Furthermore, the acts complained of occurred within the scope of the Defendant's official duties, and the Defendant had no knowledge that said acts were illegal or unconstitutional nor did said acts clearly violate Plaintiff's rights at the time they were committed.

### *Seventh Affirmative Defense*

As a seventh affirmative defense, Defendant asserts that the arrest and/or detention of the Plaintiff was based on probable cause and/or arguable probable cause. Moreover, the Defendant had probable cause to arrest Plaintiff based on Defendant's knowledge and observations at the time of the incident alleged.

### *Eighth Affirmative Defense*

As an eighth affirmative defense, Defendant asserts that the Amended Complaint fails to state a cause of action.

### **JURY DEMAND**

Defendant demands a trial by jury on all issues so triable.

I HEREBY CERTIFY that on this 2nd day of December, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

        MARRERO & WYDLER
        *Attorneys for Defendant, Ortiz*
        Douglas Centre, PH-4
        2600 Douglas Road
        Coral Gables, FL 33134
        (305) 446-5528
        (305) 446-0995 (fax)

BY __/s/_Oscar E. Marrero_____
        OSCAR E. MARRERO
        F.B.: 372714
        oem@marrerolegal.com
        LOURDES E. WYDLER
        F.B.: 719811
        lew@marrerolegal.com

## SERVICE LIST

David Alan Frankel, Esq.
FBN: 741779
Law Offices of David A. Frankel, P.A.
4601 Sheridan Street, Suite 213
Hollywood, FL 33021
(954) 683-0300
david@bluelotuslaw.com
paralegal@bluelotuslaw.com
eservice@bluelotuslaw.com
*Counsel for Plaintiff.*

Henry J. Hunnefeld, Esq.
FBN: 343811
Miami City Attorney's Office
444 S.W. 2nd Avenue, #945
Miami, FL 33130
(305) 416-1826
(305) 416-1802
hjhunnefeld@miamigov.com
*Counsel for Defendant The City of Miami*